**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-31232
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRENCE A THIERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CR-20055-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Terrence A. Thierry pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), and he was sentenced as an armed career criminal to 15 years of imprisonment pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.

For the first time on appeal, Thierry argues that the district court erred by failing to state or otherwise indicate on the record that it had considered the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relevant statutes or sentencing documents before it. As Thierry concedes, we review this issue only for plain error. To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Thierry cites no authority for the proposition that the district court must make such an indication on the record, and this court has not addressed the question. Unlike the case relied upon by Thierry, in his case the district court had the relevant documents regarding his prior criminal convictions such that the PSR was not the court's only source of information about those convictions. *Cf. United States v. Garza-Lopez*, 410 F.3d 268, 275 (5th Cir. 2005) (stating that "several recent cases have made it clear that the district court's reliance on the PSR was error" where there were no other documents before the court). Because no precedential case requires the district court explicitly to show or state that it reviewed the relevant documents, Thierry has not shown error that is clear or obvious. *See* 129 S. Ct. at 1429. Additionally, because he does not argue that the documents submitted to the district court failed to support the enhancement or that his prior offenses did not qualify him for enhancement under § 924(e), he has failed to show that the district court's failure to indicate on the record that it had reviewed the documents supporting the enhancement affected his substantial rights. *See id.*

AFFIRMED.